# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN D. HAYWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-525-MJR |
| | ) | |
| LT. BAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This case was severed on March 2, 2018 from *Haywood v. Finnerman*, Case No. 18-cv-21-JPG-SCW (S.D. Ill.). (Doc. 1). It contains the claim designated as Count 10 in the original case, described as follows:

> **Count 10:** Eighth Amendment claim against Beyler/Baylor[1] for denying Plaintiff a wheelchair or assistance to board the transfer bus to Lawrence on March 9, 2016.

Plaintiff John D. Haywood, an inmate of Lawrence Correctional Center ("Lawrence"), filed the original civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2018, alleging that officials at several prisons violated his constitutional rights. Count 10 is directed against Lt. Beyler/Baylor, a correctional officer at Lawrence. Plaintiff's claim is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money

---

[1] Plaintiff refers to this Defendant as Beyler in the statement of claim, but his list of parties identifies him as Lt. Baylor. (Doc. 2, p. 2).

damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claim survives threshold review under § 1915A.

## The Complaint (Doc. 2)

Plaintiff's factual allegations relating to Count 10 are as follows.

In the mid-1990s, while incarcerated in Illinois, Plaintiff suffered from a back injury that left him paralyzed from the waist down. (Doc. 2, p. 5). Additionally, Plaintiff's foot was partially amputated due to bone cancer. *Id.* Eventually, after receiving physical therapy, Plaintiff was able to walk with quad canes. *Id.* However, in 2007, Plaintiff suffered a re-injury to his back, leaving him paralyzed again and necessitating the use of a wheelchair. (Doc. 2, p. 6).

On March 9, 2016, Plaintiff was told he was being transferred. (Doc. 2, p. 15). His request for a wheelchair was initially refused, but eventually an officer took him in a wheelchair to the chapel, where the outgoing inmates were strip searched. (Doc. 2, p. 16). However, the wheelchair was then taken away, forcing Plaintiff to crawl on the floor until he fell and some fellow inmates carried him outside where the bus was waiting. An officer threatened those inmates with segregation, so they put Plaintiff down, and he crawled across the pavement to the bus, where the driver helped him to board it. Plaintiff had to change buses at Lincoln Correctional Center, where he was given a wheelchair at first. However, Lt. Beyler/Baylor would not allow anybody to help Plaintiff board the Lawrence bus, and laughed while Plaintiff crawled through the mud and rain to get on. (Doc. 2, p. 17).

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and

3

safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The wanton infliction of pain—in the instant case, being forced to crawl through the mud and rain rather than use a wheelchair—may violate the Eighth Amendment, *see Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (citing *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010)).

Giving Plaintiff the benefit of the inferences to which he is entitled at the pleading stage, the Complaint states a colorable Eighth Amendment claim as to Lt. Beyler/Baylor for denying Plaintiff a wheelchair or assistance to board the transfer bus to Lawrence on March 9, 2016. Accordingly, Plaintiff's Eighth Amendment claim will proceed for further review.

## Pending Motions

Plaintiff's Motions for Recruitment of Counsel (Docs. 5 and 6) shall be referred to United States Magistrate Judge Stephen C. Williams.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 10,** shall proceed as to **BEYLER/BAYLOR.** The Clerk of Court shall prepare for Defendant **BEYLER/BAYLOR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect

formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the unknown Defendant until he has been identified by name in a properly filed motion for substitution of parties.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including for disposition of Plaintiff's motions for appointment of counsel. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 23, 2018**

s/ MICHAEL J. REAGAN
United States District Court
Chief Judge
